FILED
99 AUG 16 PM 3:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 16 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT EMMANUEL MASON, Sr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs ) | CIVIL ACTION NO. 99-AR-0488-S |
| ) | |
| MIKE HALE, SHERIFF OF ) | |
| JEFFERSON COUNTY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 23, 1999, recommending that this petition for writ of habeas corpus be dismissed without prejudice to the petitioner's right to later file another petition after the claims have been properly exhausted in the state court system. No objections have been filed. The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed without prejudice to the petitioner's right to later file another petition after the claims have been properly exhausted in the state court

system.[1]  An appropriate order will be entered.

DONE, this ___16th___ day of ___August___, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The petitioner should remember that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, applies to him. Section 2244(d)(1) provides that a habeas petition must be filed within one year of the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Pursuant to 28 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Thus, the petitioner should take into consideration the amount of time he has remaining when he returns to state court to present his claims, so as not to preclude himself from filing a petition in this court after his state remedies are exhausted.